*534 GRABER, Circuit Judge,
concurring in part and dissenting in part:
I join Parts III-A and III-B of the majority opinion. It is a close question whether Chevron Oil Co. v. Huson, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), or Montgomery Ward & Co. v. FTC, 691 F.2d 1322 (9th Cir.1982), provides the better framework for deciding the retroactivity issue when both an agency and a court (deferring to the agency’s interpretation) change their construction of an ambiguous statute. Even if the Chevron Oil test applied here, however, I agree with Judge Gould’s analysis of it. That is, under either framework, retroactive application of the new legal rule is appropriate.
I also join Part II of Judge Reinhardt’s dissent, which concludes that 8 C.F.R. § 1240.26(i) exceeds the Attorney General’s statutory authority.